## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

ANTWANE JOHNSON, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.                                 Case No. 3:24-cv-01065-WWB-MCR

AMERICAN AUTOMOTIVE ALLIANCE, LLC,

      Defendant.

_____/

### DEFENDANT AMERICAN AUTOMOTIVE ALLIANCE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT [D.E. 1]

Defendant, American Automotive Alliance, LLC ("Defendant"), by and through the undersigned attorneys, hereby responds to the Complaint [D.E. 1] filed by Plaintiff, Antwane Johnson ("Plaintiff"), as follows:

### Preliminary Statement

1.    Paragraph 1 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations. Defendant admits the authority cited in Paragraph 1 of the Complaint is the best evidence of its contents.

2.    Paragraph 2 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or

denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations. Defendant admits the authority cited in Paragraph 2 of the Complaint is the best evidence of its contents.

3.    Defendant admits Plaintiff seeks to assert claims against it on behalf of a putative class pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA"). However, Defendant denies any actionable conduct and denies violating the law, including the TCPA. Defendant further denies the factual allegations contained in Paragraph 3 of the Complaint.

4.    Defendant admits Plaintiff seeks to assert claims against it on behalf of a putative class pursuant to the TCPA. However, Defendant denies any actionable conduct and denies violating the law, including the TCPA. Defendant further denies the factual allegations contained in Paragraph 4 of the Complaint.

5.    Paragraph 5 of the Complaint contains legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations. With respect to the remainder of the allegations contained in Paragraph 5, Defendant admits Plaintiff seeks to assert claims against it on behalf of a putative class pursuant to the TCPA, but denies any actionable conduct, denies violating the law (including the TCPA), and denies the factual allegations contained therein.

**Parties**

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint. Accordingly, Defendant denies such allegations.

7.      Defendant admits American Automotive Alliance, LLC is a Florida limited liability company with a principal place of business in Jacksonville, Florida.

**Jurisdiction & Venue**

8.      Paragraph 8 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

9.      Paragraph 9 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

10.     Paragraph 10 of the Complaint contains legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations. With respect to the remainder of the allegations contained in

Paragraph 10, Defendant denies any actionable conduct, denies violating the law (including the TCPA), and denies the factual allegations contained therein.

## TCPA Background

11.    Paragraph 11 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations. Defendant admits the authority cited in Paragraph 11 of the Complaint is the best evidence of its contents.

12.    Paragraph 12 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations. Defendant admits the authority cited in Paragraph 12 of the Complaint is the best evidence of its contents.

13.    Paragraph 13 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations. Defendant admits the authority cited in Paragraph 13 of the Complaint is the best evidence of its contents.

14.    Paragraph 14 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or

denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations. Defendant admits the authority cited in Paragraph 14 of the Complaint is the best evidence of its contents.

## Factual Allegations

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations. Defendant admits the authority cited in Paragraph 16 of the Complaint is the best evidence of its contents.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, particularly where, as here, Plaintiff fails to allege his complete telephone number. Accordingly, Defendant denies such allegations.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, particularly where, as here, Plaintiff fails to allege his complete telephone number. Accordingly, Defendant denies such allegations.

19. Defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, particularly where, as here, Plaintiff fails to allege his complete telephone number. Accordingly, Defendant denies such allegations.

20.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, particularly where, as here, Plaintiff fails to allege his complete telephone number. Accordingly, Defendant denies such allegations.

21.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, particularly where, as here, Plaintiff fails to allege his complete telephone number. Accordingly, Defendant denies such allegations.

22.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, particularly where, as here, Plaintiff fails to allege his complete telephone number. Accordingly, Defendant denies such allegations.

23.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, particularly where, as here, Plaintiff fails to allege his complete telephone number. Accordingly, Defendant denies such allegations.

24.    Defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, particularly where, as here, Plaintiff fails to allege his complete telephone number. Accordingly, Defendant denies such allegations.

25.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, particularly where, as here, Plaintiff fails to allege his complete telephone number. Accordingly, Defendant denies such allegations.

26.    Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.    Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.    Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.    Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.    Defendant denies the allegations contained in Paragraph 30 of the Complaint.

## Class Action Allegations

31.    Defendant admits Plaintiff purports to bring this action on behalf of a proposed nationwide class, but denies this action may be properly maintained as a

class action. Defendant further denies that Plaintiff or any proposed class members are entitled to any relief whatsoever.

32.    Defendant admits Plaintiff seeks to represent a putative class, but denies this action may be properly maintained as a class action. Defendant denies the remaining allegations, including the class definition, contained in Paragraph 32 of the Complaint.

33.    Defendant admits Plaintiff seeks to represent a putative class, but denies this action may be properly maintained as a class action. The remainder of Paragraph 33 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

34.    Defendant admits Plaintiff seeks to represent a putative class, but denies this action may be properly maintained as a class action. Defendant denies the remaining allegations contained in Paragraph 34 of the Complaint.

35.    Defendant admits Plaintiff seeks to represent a putative class, but denies this action may be properly maintained as a class action. Paragraph 35 of the Complaint also contains legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

With respect to the remaining allegations contained in Paragraph 35 of the Complaint, Defendant denies such allegations.

36.    Defendant admits Plaintiff seeks to represent a putative class, but denies this action may be properly maintained as a class action. The remainder of Paragraph 36 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

37.    Defendant admits Plaintiff seeks to represent a putative class, but denies this action may be properly maintained as a class action. The remainder of Paragraph 37 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

38.    Defendant admits Plaintiff seeks to represent a putative class, but denies this action may be properly maintained as a class action. The remainder of Paragraph 38 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

39.    Defendant admits Plaintiff seeks to represent a putative class, but denies this action may be properly maintained as a class action. The remainder of Paragraph 39 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

40.    Defendant admits Plaintiff seeks to represent a putative class, but denies this action may be properly maintained as a class action. The remainder of Paragraph 40 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

41.    Defendant admits Plaintiff seeks to represent a putative class, but denies this action may be properly maintained as a class action. The remainder of Paragraph 41 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

42.    Defendant admits Plaintiff seeks to represent a putative class, but denies this action may be properly maintained as a class action. The remainder of

Paragraph 42 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

43.    Defendant incorporates its responses to Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44.    Paragraph 44 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

45.    Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.    Paragraph 46 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

47.    Defendant admits Plaintiff seeks injunctive relief, but denies he is

entitled to any relief whatsoever. The remainder of Paragraph 47 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

## PRAYER FOR RELIEF

In response to the **WHEREFORE** clause following Paragraph 47 of the Complaint, including its subsections A through G, Defendant admits that Plaintiff seeks such relief, but denies that Plaintiff is entitled to any relief whatseover.

As to any part of the Complaint not specifically admitted, denied, or discussed with respect to Defendant, Defendant hereby denies said allegations, including, but not limited to, any allegations contained in the Complaint's preamble, headings, subheadings, and wherefore clause. Furthermore, any averments in the Complaint to which no responsive pleadings are capable or required shall be deemed denied.

## JURY DEMAND

Defendant, American Automotive Alliance, LLC, hereby demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Defendant hereby pleads the following affirmative defenses to Plaintiff's

Complaint:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because to the extent the subject telephone calls occurred, such telephone calls were invited, permitted, consented to, and/or made pursuant to a personal or an established business relationship.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff fails to state, and cannot state, a plausible cause of action for class relief pursuant to Federal Rule of Civil Procedure 23 in that, among other things, the claims Plaintiff seeks to assert cannot be common or typical of the claims of the putative class, nor is class relief superior to other available methods for fairly and efficiently adjudicating the claims Plaintiff attempts to assert.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff and/or the putative class members are not the respective owners, subscribers, registrants, or authorized users of the telephones that allegedly

received the telephone calls at issue, and, therefore, lack standing.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited by the doctrine of unclean hands. Plaintiff seeks out, invites, and welcomes telephone calls, including, *arguendo*, the subject telephone calls, in an effort to manufacture and pursue litigation on a class basis, not to seek compensation for damages allegedly suffered, as contemplated by statute, but rather to seek to enrich himself by seeking disproportionate payments from, here, Defendant.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff fails to sufficiently allege that a class action is proper or appropriate, and therefore Plaintiff is not entitled to maintain this lawsuit as a collective action. Among other things, Plaintiff fails to allege, because he cannot allege, any facts to suggest there are any other members of the proposed class. Instead, Plaintiff merely hypothesizes there may be others. Similarly, Plaintiff has not alleged, because he cannot allege, any facts to plausibly support the claim that there are common issues of fact and law, that Plaintiff's claims are typical of the proposed class, or that Plaintiff will fairly and adequately protect the interests of the

proposed class. Rather, Plaintiff's Complaint merely parrots the requisite language without any factual insight. Accordingly, Plaintiff cannot satisfy the numerosity, commonality, typicality, and adequate representative requirements for this case to proceed as a class action.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because the alleged damages to Plaintiff and/or the putative class Plaintiff seeks to represent were caused in whole or in part by the acts or omissions of third parties over which Defendant had and has no control of/over, and/or by the acts or omissions of Plaintiff and/or the putative class members.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff did not sustain any damages. To the extent Plaintiff sustained any damages, such damages are *de minimis* and non-actionable, and any such damages are not representative and/or the same as the putative class members Plaintiff seeks to represent.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to

represent fail or otherwise are barred, in whole or in part, or are limited by the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because any alleged wrongdoing by Defendant, which Defendant denies, was caused by mistake. Indeed, Defendant acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by it at the time it acted.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff and/or the putative class members failed to mitigate their damages. Accordingly, recovery (if any) should be reduced in proportion to Plaintiff's or the putative class member's failure to mitigate such damages.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive relief and/or the claims for injunctive relief

of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because there is neither continuing harm nor any real and immediate danger of injury in the future to Plaintiff or the putative class Plaintiff seeks to represent.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff and/or the putative class members were not the intended recipient(s) of the subject telephone calls.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because the statutory damages provisions of the TCPA are excessive fines and/or are grossly disproportionate to any actual harm that may have been suffered. Accordingly, the statutory damages provisions violate (1) the safeguards set forth in and/or assured by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and (2) the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because the subject text messages and/or telephone call(s) constitute commercial speech protected by the First Amendment of the United States Constitution and the imposition of liability for such text messages (and/or telephone call(s)) violates the First Amendment rights of the sender.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff and/or the putative class members Plaintiff seeks to represent lack standing to bring this action as neither Plaintiff nor the putative class members suffered the requisite harm required to confer standing under Article III of the United States Constitution. *See Muccio v. Glob. Motivation, Inc.*, 22-81004-CIV, 2022 WL 17969922 (S.D. Fla. Dec. 27, 2022).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff's alleged telephone number "(301) 659-XXXX" (Compl., ¶17) is believed

to be a business phone number and not a residential telephone number that Plaintiff uses for personal calls.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff and/or members of the putative class Plaintiff seeks to represent agreed that all disputes shall be resolved by binding arbitration, and, therefore, Defendant reserves the right to move to stay and compel arbitration pursuant to 9 U.S.C. Section 3 of the Federal Arbitration Act and stay this action. The filing of this Answer and Affirmative Defenses shall not constitute a waiver of Defendant's right to seek the arbitration of any claims that Plaintiff and/or the putative class Plaintiff seeks to represent asserted or may hereafter assert. *See Amargos v. Verified Nutrition, LLC*, 22-CV-22111, 2023 WL 1331261, at *6 (S.D. Fla. Jan. 31, 2023).

## <u>RESERVATION OF RIGHTS</u>

Defendant, American Automotive Alliance, LLC, reserves the right to amend or add to its affirmative defenses upon discovery of additional information or evidence or as justice so requires.

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in the Complaint filed by Plaintiff, Antwane Johnson,

Defendant, American Automotive Alliance, LLC, respectfully requests this Court enter judgment as follows: (1) that Plaintiff takes nothing by virtue of the Complaint and that this Action be dismissed in its entirety; (2) that judgment be rendered in favor of Defendant; (3) that attorneys' fees and costs incurred in this Action be awarded to Defendant to the greatest extent permitted by applicable law; and (4) that Defendant be awarded such further and other relief as this Court deems just and proper.

Dated: December **23rd**, 2024.    Respectfully submitted,

By: ___/s/ Jamey R. Campellone_____
      JAMEY R. CAMPELLONE
      Fla. Bar No. 119861
      Email: jamey.campellone@gmlaw.com
      Email: gabby.mangar@gmlaw.com
      **GREENSPOON MARDER LLP**
      200 East Broward Blvd., Suite 1800
      Fort Lauderdale, Florida 33301
      Tel: (954) 527-6296
      Fax: (954) 333-4027

      *Attorneys for American Automotive Alliance, LLC*

## <u>CERTIFICATE OF SERVICE</u>

     **I HEREBY CERTIFY** that on this <u>**23rd**</u> day of December, 2024, a copy of the foregoing <u>Answer and Affirmative Defenses</u> was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record, including: **Avi Robert Kaufman, Esq.** and **Rachel E. Kaufman**, **Esq.,** Kaufman P.A., 237 S. Dixie Hwy, 4th Floor, Coral Gables, FL 33133 (Email: kaufman@kaufmanpa.com; rachel@kaufmanpa.com), *Attorneys for Plaintiff*.

                By:  */s/ Jamey R. Campellone*
                    JAMEY R. CAMPELLONE